[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 14, 2006
THOMAS K. KAHN
CLERK

No. 05-14024
Non-Argument Calendar

_____

D. C. Docket No. 04-00563-CR-T-23-MAP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUVENCIO SALINAS CRUZ,
a.k.a. Juvencio Slinas Cruz,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(March 14, 2006)**

Before CARNES, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

Juvencio Salinas-Cruz appeals his 135-month sentence for possession with

intent to distribute 5 kilograms or more of cocaine while aboard a vessel subject to the United States's jurisdiction, in violation of 46 App. U.S.C. §§ 1903(a), (g); 18 U.S.C. § 2; and 21 U.S.C. § 960(b)(1)(B)(ii), and conspiracy to possess with intent to distribute 5 kilograms or more of cocaine while aboard a vessel subject to the United States's jurisdiction, in violation of 46 App. U.S.C. §§ 1903(a), (g), & (j), and 21 U.S.C. § 960(b)(1)(B)(ii). Salinas-Cruz first argues that he should have received a minor-role reduction pursuant to U.S.S.G. § 3B1.2 because he was less culpable than the other members of the conspiracy, and because U.S.S.G. § 2D1.1(a)(3) is designed to punish couriers of drugs less harshly than buyers and sellers. According to Salinas-Cruz, U.S.S.G. § 2D1.1(a)(3) challenges the validity of our ruling in United States v. De Varon, 175 F.3d 930 (11th Cir. 1999) (en banc). Salinas-Crus also contends that the district court's sentence was unreasonable. The government argues that we lack jurisdiction to consider the reasonableness of his sentence.

## I.

As a preliminary issue, De Varon is still the guiding law in this Circuit, and we have repeatedly upheld it. See United States v. Boyd, 291 F.3d 1274, 1276-77 (11th Cir. 2002). Moreover, the portion of the sentencing guidelines to which Salinas-Cruz refers, U.S.S.G. § 2D1.1(a)(3), requires a defendant to first qualify

2

for a minor-role reduction. See U.S.S.G. § 2D1.1(a)(3), U.S.S.G. Supp. App. C, Amend. 640. As the Sentencing Commission specifically adopted and affirmed De Varon's analysis for qualification for a minor-role reduction, Salinas-Cruz's arguments regarding the application of the guidelines and De Varon are meritless. U.S.S.G., App. C, Amend. 635.

We have held that a district court's determination of a defendant's role in an offense is a finding of fact, to be reviewed for clear error. De Varon, 175 F.3d at 934. The guidelines allow a court to decrease a defendant's offense level by two points if the court finds the defendant was a minor participant. U.S.S.G. § 3B1.2(b). A defendant who "is less culpable than most other participants, but whose role could not be described as minimal" is a minor participant. U.S.S.G. § 3B1.2, comment. (n.5). Under the requisite standards articulated in De Varon, we cannot say that the district court clearly erred in denying the downward departure here.

## II.

In considering Salinas-Cruz's reasonableness argument, we first note that we have subject-matter jurisdiction. See United States v. Martinez, No. 05-12706, slip op. at 999-1000 (11th Cir. Jan. 9, 2006). Sentences imposed under an advisory guidelines system are reviewed for unreasonableness. With regard to

reasonableness, we have stated that the district court must first correctly calculate the defendant's guideline range, then, using the 18 U.S.C. § 3553(a) sentencing factors, the court can impose a more severe or more lenient sentence as long as it is reasonable. United States v. Crawford, 407 F.3d 1174, 1179 (11th Cir. 2005). The § 3553(a) factors include the available sentences, the applicable guideline range and policy statements, the nature and circumstances of the offense, and the need for the sentence to (1) reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense, (2) afford adequate deterrence to criminal conduct, (3) protect the public from further crimes of the defendant, and (4) provide the defendant with needed correctional treatment. 18 U.S.C. § 3553(a). "[N]othing in Booker or elsewhere requires the district court to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors." United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005).

"Review for reasonableness is deferential." United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005). "[T]he party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both th[e] record and the factors in section 3553(a)." Id. A sentence within the advisory guidelines range is not per se reasonable, but is expected to be reasonable. See id.

4

("when the district court imposes a sentence within the advisory Guidelines range, we ordinarily will expect that choice to be a reasonable one."). We have held that a district court's statement that it had considered the § 3553(a) factors alone is sufficient in post-<u>Booker</u> sentences to indicate that it considered the factors, and concluded that the defendant's sentence was reasonable because the district court accurately calculated the guideline range and the defendant's sentence at the low end of the range reflected the court's consideration of his evidence in mitigation. <u>See</u> <u>Scott</u>, 426 F.3d at 1330.

In this case, the district court explicitly mentioned the § 3553(a) factors and accurately calculated the guideline range. Although, the district court noted that it believed the large quantity of cocaine on the boat justified a guidelines sentence, it sentenced Salinas-Cruz at the low end of the guidelines range. Based, upon this record, we cannot say that the sentence imposed was unreasonable.

**AFFIRMED.**